UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. RUSELLO,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. CV 14-8460 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.   SUMMARY**

On November 4, 2014, plaintiff Robert F. Rusello ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 4, 2014 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 5, 2012, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 172, 181). Plaintiff asserted that he became disabled on October 20, 2011, due to major depression, hepatitis C, diabetes, and anxiety (AR 203). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on February 19, 2013. (AR 46-70).

On March 6, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 28-41). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: insulin-dependent diabetes mellitus, degenerative disc disease of the lumbar spine, and major depressive disorder (AR 31); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 32-34); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)), but plaintiff could only "frequently perform postural activities," and could perform only "simple work related tasks" (AR 34); (4) plaintiff could not perform his past relevant work (AR 38-39); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically hospital cleaner, laborer (store), and hand packager (AR 39-40); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 37).

The Appeals Council denied plaintiff's application for review. (AR 1).

///

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

1           experience, allow the claimant to adjust to other work that
2              exists in significant numbers in the national economy?  If so,
3              the claimant is not disabled.  If not, the claimant is disabled.
4 Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
5 Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at
6 1110 (same).
7       The claimant has the burden of proof at steps one through four, and the
8 Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
9 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
10 v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
11 proving disability).

12     **B.**     **Standard of Review**
13       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
14 benefits only if it is not supported by substantial evidence or if it is based on legal
15 error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
16 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
17 (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision,
18 and the decision may not be affirmed on a ground upon which the ALJ did not
19 rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v.
20 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).
21       Substantial evidence is "such relevant evidence as a reasonable mind might
22 accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389,
23 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but
24 less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,
25 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence
26 supports a finding, a court must "'consider the record as a whole, weighing both
27 evidence that supports and evidence that detracts from the [Commissioner's]
28 conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

(quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if (1) the error was "inconsequential to the ultimate nondisability determination"; or (2) despite the error "the [ALJ's] path may reasonably be discerned[,]" even if the ALJ's decision was drafted "with less than ideal clarity[.]" Id. (quoting Alaska Department of Environmental Conservation v. Environmental Protection Agency, 540 U.S. 461, 497 (2004)) (internal quotation marks omitted). In either case, an error may not be deemed harmless unless a reviewing court "can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination" absent the alleged error. Marsh v. Colvin, __ F.3d __, 2015 WL 4153858, *2-*3 (9th Cir. July 10, 2015) (citation omitted).

A court may not find an ALJ's error harmless based on "independent findings" gleaned from the record evidence. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 4620123, *4 (9th Cir. Aug. 4, 2015) (citations omitted); see also Marsh, __ F.3d at __, 2015 WL 4153858, at *2 (district court may not use harmless error analysis to affirm decision "on a ground not invoked by the ALJ") (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947) (courts must judge propriety of administrative agency decision "solely by the grounds invoked by the agency")). Where harmlessness is unclear, and there is a "substantial likelihood" that the ALJ's error was prejudicial, the court may remand the case to permit the ALJ to determine "whether re-consideration is necessary." Marsh, __ F.3d at __, 2015 WL 4153858, at *2-*3 (citing McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011)) (internal quotation marks omitted). Remand is not

5

appropriate, however, "where harmlessness is clear and not a borderline question[.]" Id.

## IV.   DISCUSSION

Plaintiff contends, in part, that the ALJ improperly rejected certain medical opinions provided by Dr. Amber Ruddock, a state-agency examining psychologist. (Plaintiff's Motion at 11-12). The Court finds that a remand is warranted because the ALJ erred in evaluating such opinion evidence, and the Court cannot find that the ALJ's error was harmless.

### A.   Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted). An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ may reject the uncontroverted opinion of a treating or examining physician by providing "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject the it only "by

///

providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

### B. Analysis

On March 30, 2012, Dr. Ruddock performed a Complete Psychological Evaluation of plaintiff, which included a mental status evaluation and objective psychological testing. (AR 415-19). Dr. Ruddock's report of her psychological evaluation of plaintiff ("March Report") expressed multiple opinions regarding plaintiff's mental limitations including, among others, that plaintiff had "moderate difficulty [in his ability to] interact appropriately with supervisors, coworkers and peers on a consistent basis." (AR 419).

Although the ALJ's decision gave "great weight" to several opinions in the March Report, the ALJ said nothing about Dr. Ruddock's opinion regarding plaintiff's moderate difficulty in his ability to interact with others in a work setting. (AR 35). This was error. See Garrison, 759 F.3d at 1012-13 ("ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it. . . .") (citation omitted).

The Court cannot find that the error harmless. It is unclear whether the ALJ's assessment that plaintiff retained the residual functional capacity to do "simple work related tasks" (AR 34) in any way accounts for a moderate limitation in plaintiff's ability to interact appropriately with others at work. Since the ALJ's decision did not mention such a limitation at all (nor was the limitation included in the ALJ's hypothetical question to the vocational expert at the hearing) (AR 68-69), the Court cannot confidently conclude that no reasonable ALJ could have reached a different decision absent such error. Cf., e.g., Marsh, __ F.3d at __, 2015 WL 4153858, at *3 (remanding for further consideration of medical evidence where "ALJ did not even mention" medical opinion that claimant's impairment "rendered her 'pretty much nonfunctional'" and thus court could not "confidently conclude" error was harmless ) (citations omitted).

Accordingly, a remand is warranted to permit the ALJ to reevaluate the medical opinion evidence.

## V. CONCLUSION[1]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 12, 2015

                                        /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may also wish to reevaluate plaintiff's credibility. Currently, it does not appear that the ALJ's decision adequately links each of plaintiff's subjective complaints that the ALJ found not credible with the *specific* record evidence that purportedly undermined each such complaint. See, e.g., Brown-Hunter, __ F.3d at __, 2015 WL 4620123, at *6 (finding legal error where ALJ failed to identify testimony she found not credible and failed "[to] link that testimony to the particular parts of the record supporting her non-credibility determination").

[2] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).